[Civ. No. 2046.    First Appellate District.—May 15, 1917.]

## JOHN RUDIN et al., Trustees, etc., Appellants, v. JAS. W. REA et al., Respondents.

SURETYSHIP—BOND FOR PERFORMANCE OF DUTIES OF SALES AGENT— SETTLEMENT OF SHORTAGE UNKNOWN TO SURETIES—FRAUD—STATUTE OF LIMITATIONS.—Where the sales agent of a book selling and distributing corporation, who had given a bond for the faithful performance of his duties, upon becoming indebted to the corporation in a considerable sum of money, made a settlement with the corporation without the knowledge of the sureties on the bond, by turning over to the corporation certain securities, and later it was discovered that the securities had been embezzled by such agent and the corporation lost the benefit of them, such fraudulent acts of the

agent did not extend the time to sue the sureties on the bond, and an action brought more than four years after the obligation to pay the money arose is barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Stanley Moore, and Wilder Wight, for Appellants.

E. M. Rosenthal, E. M. Rea, and A. A. Caldwell, for Respondents.

THE COURT.—Action upon a bond. Judgment went for the defendants, Jas. W. Rea and V. Koch, and plaintiffs appeal.

The facts of the case are briefly these: A. F. Palmer was an agent of the King-Richardson Company, a corporation engaged in the business of selling and distributing books, and in the course of that agency sold the books of the King-Richardson Company, received payments on account of such sales, and made and reported collection to the company. It became necessary, according to the rules of the company, for Palmer to give a bond for the faithful performance of his duties as such agent, and he gave the bond upon which this suit is brought, signed by the sureties Koch and Rea. Subsequently Palmer was found to be indebted to his employer in a considerable sum of money, and, without the knowledge of his sureties upon the bond, and without any information imparted to them, an arrangement was entered into between the King-Richardson Company and Palmer by which the latter undertook to transfer to his employer certain securities in settlement of his obligation and liability to it. Some considerable time after that arrangement had been made it was discovered that Palmer had embezzled these securities, the real owners of them appeared, and the King-Richardson Company lost the benefit of them. Thereupon through its trustees it brought suit upon the bond. That suit was brought more than four years after the obligation otherwise would have arisen on the bond. The statute of limitations was pleaded by the sureties.

As against the statute it is urged by the plaintiffs that the fraudulent acts of Palmer in making the settlement with the company by means of the transfer to it of the securities referred to, and the failure of the company to discover the facts of the fraud, extended the term of the statute so as to permit them to recover against the sureties on the bond. The lower court held, however, that the term of the statute was not extended by those acts on the part of Palmer, and the only question before us in this case is whether or not the alleged fraudulent acts of Palmer worked an extension of the statute of limitations so as to bring this suit within its term.

We are of the opinion after a careful examination of the cases that the trial court was not in error in holding that the cause of action against the sureties was barred by the statute. That being so, the other points in the case become immaterial, and it is not necessary to discuss them; but upon the ground that the statute of limitations barred the action against the sureties the judgment will be affirmed.  It is so ordered.